2003 OK CIV APP 39

**BIG FOUR FOUNDRIES CORP., Petitioner,**

v.

**Marcia DAVIS, Administrator, and the Workers' Compensation Court, Respondents.**

No. 98,129.

Court of Civil Appeals of Oklahoma, Division No. 3.

March 28, 2003.

David P. Reid, Kelly M. Greenough, Perrine, McGivern, Redemann, Reid, Berry & Taylor, Tulsa, for Petitioner.

Virginia J. Goreson, Staff Attorney, Workers' Compensation Court, Oklahoma City, for Respondents.

BUETTNER, J.

¶ 1 The Administrator of the Workers' Compensation Court denied Big Four Foundries Corp.'s application for Own Risk Permit and revoked its own risk status for financial reasons. Big Four Foundries claims the order did not contain findings of fact or conclusions of law sufficient to allow for review and that, despite the three previous years' losses, it had consistently paid its benefits. We do not find the Administrator's order clearly erroneous in view of the competent evidence and therefore sustain.

¶ 2 On March 1, 2002, the Workers' Compensation Court sent a certified letter[1] to Big Four Foundries' lawyer stating the Big Four Foundries had failed to show financial ability to pay compensation to its employees pursuant to the Workers' Compensation Act, 85 O.S.2001 § 1 et seq. The letter gave Big Four Foundries ten days to request a hearing to show cause why the own risk application should not be denied. Big Four Foundries did not reply to this letter and did not request a hearing to present evidence to show cause why the order of denial should not be entered.

¶ 3 Subsequently, the Administrator filed the order denying the application for own risk. The order states:

On March 1, 2002, a letter notifying Big Four Foundries Corp. that their own risk permit application for the period 2/1/2002 through 1/31/2003 would be denied for financial reasons was mailed to David Reid of Rhodes, Hieronymus, Jones, Tucker and Gable. Big Four Foundries Corp. or their representatives, were given 10 days to request a hearing before the Court Administrator to show cause why their application should not be denied. No response to the letter was received. Therefore, Big Four Foundries Corp.'s own risk permit application for the period 2/1/2002 through 1/31/2003 is denied, and the company's current own risk status is hereby revoked. The denial/revocation will become effective thirty (30) days from the date this order is filed. Big Four Foundries Corp. shall have ten (10) days from the date of this order to file an appeal to the Workers' Compensation Court En Banc.

---

1. Dear Mr. Reid:

   The Administrator of the Workers' Compensation Court has completed her review of Big Four Foundries Corp.'s application to carry its own risk for the period 2/1/2002 to 1/31/2003 and financial statements of loss for the calendar years 2000, 1999 and 1998. This letter will serve as notice that Big Four Foundries Corp.'s application will be denied for the following reasons:
   - Net loss incurred of ($ 79,296) for the three month period ended 3/31/01
   - Net loss incurred of ($778,720) for the ten month period ended 10/31/01
   - Net loss incurred of ($795,988) for the year ended 12/31/00
   - Net loss incurred of ($278,223) for the year ended 12/31/99
   - Net loss incurred of ($246,336) for the year ended 12/31/98
   Big Four Foundries Corp. has failed to demonstrate its financial ability to pay or cause to be paid compensation to employees as required under the Worker's (sic) Compensation Act, Title 85 O.S. § 1 et seq.
   Big Four Foundries Corp. has ten days from the date of this notice to request a Show Cause Hearing before the Administrator of the Workers' Compensation Court to allow Big Four Foundries Corp. an opportunity to show cause why the own risk application should not be denied. Any request for a hearing shall be in writing and set forth the reasons for the request, including a description of all information which Big Four Foundries Corp. wants the Administrator to consider, and the relief requested. If Big Four Foundries Corp. fails to request a hearing within the ten day period, an Order denying the own risk permit application will be issued by the Court Administrator. If a hearing is requested, a written order either approving or denying the application shall be issued by the Administrator subsequent to the hearing. Any Order denying the own risk application shall become effective 30 days after the Order is issued.

¶ 4 Big Four Foundries appealed to a three-judge panel of the Workers' Compensation Court contending that it was financially solvent, not delinquent on its orders, and not in default on any own risk obligations. It submitted fifty-three documentary exhibits with its request for review. For these reasons, Big Four Foundries claimed that the Administrator's order was against the clear weight of the evidence and contrary to law. The three-judge panel unanimously affirmed the order of the Administrator denying the application for own risk.

¶ 5 The Administrator is authorized to determine whether an employer is financially capable of paying compensation to its employees (self-insurance). 85 O.S. Supp.1994 § 61. The Administrator's order may be appealed to a three-judge panel of the Workers' Compensation Court. Workers' Compensation Court Handbook, Rules of the Administrator, Rule 2, "Own Risk Employers." The three-judge panel employed the standard of review it would use from an order of the Workers' Compensation Court, i.e., "not against the clear weight of evidence nor contrary to law."

¶ 6 We have found no statutory standard of review of an administrator's order. Normally, the Workers' Compensation Court's function is to resolve a dispute between parties not associated with the court. The standard of review of a three-judge panel is whether the Order is against the clear weight of the evidence or is contrary to law. On appeal to this Court, the standard of review is whether the Order is supported by any

competent evidence. An administrator's order, however, rests upon fact finding and discretion. A party who, if unhappy with the decision, may request a hearing and then may appeal the order to a three-judge panel. On appeal, the administrator is a party. The administrator's order is analogous to a final agency order. In those cases, deference is owed to the expertise of the agency or administrator to the questions before it. Under these circumstances, we feel it is more appropriate to look to the standards of review found in the Oklahoma Administrative Procedures Act, 75 O.S. Supp.1997 § 250 et. seq., for guidance.

¶ 7 Title 75 O.S.2001 § 322 states that an agency order should be affirmed unless the substantial rights of the petitioner which have been prejudiced because the findings, inferences or conclusions, are "clearly erroneous in view of the reliable, material, probative and substantial competent evidence ... including matters properly noticed by the agency upon examination and consideration of the entire record as submitted; but without otherwise substituting its judgment as to the weight of the evidence for that of the agency on question of fact...." [2]

■ ¶ 8 Although Big Four Foundries failed to avail itself of its first opportunity for review, i.e., by requesting a hearing to provide additional evidence to the Administrator, it nonetheless, on appeal to the three-judge panel and to this court, claimed that the evidence of its solvency and financial worthiness for own risk status, weighed mightily in

**2.** 75 O.S.2001 § 322:(1) In any proceeding for the review of any agency order, the Supreme Court or the district or superior court, as the case may be, in the exercise of proper judicial discretion or authority, may set aside or modify the order, or reverse it and remand it to the agency for further proceedings, if it determines that the substantial rights of the appellant or petitioner for review have been prejudiced because the agency findings, inferences, conclusions or decision, are:

　(a) in violation of constitutional provisions; or
　(b) in excess of the statutory authority or jurisdiction of the agency; or
　(c) made upon unlawful procedure; or
　(d) affected by other error of law; or
　(e) clearly erroneous in view of the reliable, material, probative and substantial competent evidence, as defined in Section 10 of this act,

including matters properly noticed by the agency upon examination and consideration of the entire record as submitted; but without otherwise substituting its judgment as to the weight of the evidence for that of the agency on question of fact; or

　(f) arbitrary or capricious; or
　(g) because findings of fact, upon issues essential to the decision were not made although requested.
2. The reviewing court, also in the exercise of proper judicial discretion or authority, may remand the case to the agency for the taking and consideration of further evidence, if it is deemed essential to a proper disposition of the issue.
3. The reviewing court shall affirm the order and decision of the agency, if it is found to be valid and the proceedings are free from prejudicial error.

its favor. The evidence in the record, however, supports the Administrator's findings of fact and her decision. The conclusions the Administrator presented to Big Four Foundries in her March 1, 2002 letter were not rebutted by Big Four Foundries. The only new evidence presented on appeal (which should have been presented to the Administrator) was a letter dated February 25, 2002 from McLaughlin Merchant Partnership to Big Four Foundries' lawyer, concerning negotiations to lease or sell one of its divisions, but also stating it was unable to increase any bonds it has or provide any additional financial security. It also presented a certificate of excess insurance effective February 1, 2002 and expiring February 1, 2003 in the statutory amounts of $1,000,000 workers' compensation coverage and $3,000,000 employer's liability. Finally, it submitted a loss run summary as of January 31, 2002. All the other evidence was either part of the record or predated the opportunity for hearing. Because the order is not clearly erroneous based on the substantial evidence, we affirm the order denying the application for own risk.

¶ 9 Big Four Foundries also claims error because the Administrator did not state the basis for the decision and the standards used. We disagree. The order plainly refers to the March 1 letter which was quite specific. Had Big Four Foundries requested the show cause hearing, it certainly could have, at that time, asked for specific findings and questioned the standards. However, the standards for own risk are statutory, as we must presume Big Four Foundries knew because of its citation to the applicable law, 85 O.S. Supp.1994 § 61. We hold that the order was sufficiently specific to provide meaningful review and that Big Four Foundries has little to complain of because it failed to ask for any findings of fact or conclusions of law.

¶ 10 For the reasons stated, we SUSTAIN the order of the Administrator of the Workers' Compensation Court, which was unanimously affirmed by a three-judge appellate panel of the Workers' Compensation Court.

ADAMS, P.J., and HANSEN, J., sitting by designation, concur.